■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALVESTER J. BRATCHER, Appellant. [722 NYS2d 925] —Rose, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered May 15, 2000, convicting defendant upon his plea of guilty of the crime of driving while intoxicated and which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to the crime of driving while intoxicated and admitted violating the terms of his probation. At sentencing, defendant asserted his innocence and then moved to withdraw his plea. County Court denied defendant's motion and sentenced him in accordance with the negotiated plea agreement. On appeal, defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that no nonfrivolous appealable issues exist. Upon our review of the record, we agree. The transcript of the plea allocution shows an unassailably thorough and proper inquiry by County Court prior to acceptance of defendant's plea. In his *pro se* brief, defendant points to nothing in the record to suggest that his plea and waiver of the right to appeal were not knowingly and vol-

untarily made. Instead, he simply reiterates his innocence and contends that, *inter alia*, there was a lack of probable cause for his arrest and he was denied a jury trial. However, the only issue that survives his plea of guilty is whether County Court correctly denied his motion to vacate his plea despite his claim of innocence (*see, People v Hansen*, 95 NY2d 227, 230). In the absence of anything whatsoever in the record substantiating his claim, defendant's conclusory assertion presents no basis for argument (*see, People v Davis*, 250 AD2d 939, 940-941). The judgment is, therefore, affirmed and defense counsel's application to withdraw is granted (*see, People v Stokes*, 95 NY2d 633; *People v Boykin*, 281 AD2d 708; *People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.