Nassau County v Bigler (2001 NY Slip Op 50144(U))

[*1]

Nassau County v Bigler

2001 NY Slip Op 50144(U)

Decided on November 13, 2001

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2001

Supreme Court, Nassau County
 NASSAU COUNTY Plaintiff(s),
against
LUISA BIGLER, Defendant(s).
Index No. 25915/99

ROBERT ROBERTO, JR., J.
This is a case brought under plaintiff Nassau County s Administrative Code (hereinafter, "Code") for forfeiture of defendant s Toyota automobile. It was seized upon her arrest for driving while intoxicated on June 24, 1999. A notice to the effect that the County might seek civil forfeiture of the vehicle was given to her at that time.
The action was commenced on October 18, 1999, and defendant was served with a summons and complaint on November 15, 1999. Thereafter, and to satisfy the criminal charges brought against her, she pled guilty to a charge of driving while ability impaired by the consumption of a1cohol, a traffic infraction, on October 14, 2000. Veh & Traf Law §§ 1192.1; 1193.1(a); 155. Her time to answer the civil forfeiture complaint having been extended by stipulation, issue ultimately was joined by service of an answer on March 1, 2001. The County now moves for summary judgment. Through her attorney, the defendant opposes the motion and seeks immediate return of her automobile.[FN1]

The enabling provision of the Code, section 8-7.0(g)3, reads as follows:

The County of Nassau may commence a civil action for forfeiture to the County of Nassau of the proceeds of a crime, substituted proceeds of a crime or instrumentality of a crime seized incident to an arrest for a misdemeanor crime or petty offense or upon a conviction for such misdemeanor crime or petty offense against any person having an interest in such property.
[*2]
"Instrumentality of a crime" is defined in section 8-7.0(g)l(d) as follows:

"Instrumentality of a crime" means any property, other than real property and any buildings, fixtures, appurtenances, and improvements thereon, whose use contributes directly and materially to the commission of any offense.
In its action the County asks for an award of title to the defendant s automobile as an "instrumentality of a crime" under these provisions. Upon a review of the plaintiff s papers, the Court concludes that the County has made out a prima facie case entitling it to the relief requested. The burden thus shifts to the defendant to demonstrate that issues of fact exist rendering summary judgment inappropriate. CPLR 3212; Zuckerman v City of New York, 49 NY2d 557, 562.
The defendant raises several arguments in opposition to this motion, which are essentially legal as opposed to factual in nature, and demands hearings on most of them. These arguments will be addressed seriatim.
As a purely factual matter, however, defendant s counsel states that his client denies that she was in any way intoxicated at the time of the seizure (Brunetti Aff., para 18). This assertion is without value, because defendant herself has submitted no opposing affidavit; her counsel s statement, standing alone, therefore can be accorded no weight. See, e.g., Zuckerman v City of New York, supra. It also should be noted that she does not challenge directly the information found in the arresting officer s narrative. This contains the officer s observation that defendant was weaving across lane markings, slowing and stopping for no apparent reason, staggered from her vehicle after she was stopped, stated that she had come from a bar and had the odor of alcohol on her breath. She refused to give a breath sample. Chaikin Aff., Ex. "A". In any event, the defendant pled guilty to driving while impaired. That is binding on her here, and establishes the fact that she was, at minimum, driving while her ability to drive was impaired by alcohol when she was stopped. See, S.T. Grand, Inc. v City of New York, 32 NY2d 300; Kramer v Griffin, 156 AD2d 973.
The Court now turns to the legal arguments advanced by defendant, the owner of the vehicle that is the subject of this action.[FN2]
Return of Vehicle Pending Trial
Defendant first argues that her automobile should be returned pending trial. Initially, the Court finds this claim to be simultaneously moot and premature. It is moot in that it is made in response to a summary judgment motion, the procedural equivalent of a trial (S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341); this means that the parties are no longer in a "pending trial" period. It is premature in that only the denial of the motion would return the case to a "pending trial" status. However, as this issue has larger implications than the fate of this one automobile, the Court will address it.
[*3]
The defendant cites Matter of DeBellis v Property Clerk of City of N.Y. (79 NY2d 49) for the proposition that once the criminal case is resolved the property must be returned. She acknowledges that the case also states that the property may continue to be held if this is "justified by a new predicate, such as a forfeiture proceeding" (Id., at 58), but, citing another case decided by the Court of Appeals, contends that CPLR 6212 and case law regarding federal and State due process require that even in that event the government must seek court permission by way of a motion for a provisional remedy — i.e., an attachment or a preliminary injunction. See, Morganthau v Citisource, Inc., 68 NY2d 211, 222.
Unlike the fully articulated statutory scheme found in Article 13-A of the Civil Practice Law and Rules, under which Morganthau, supra, was decided, the Code makes no reference to provisional relief. That, however, does not end the inquiry. This Court holds that due process requires that if the County is challenged on the adequacy of its forfeiture action, it cannot hold a seized vehicle without either moving for and obtaining summary judgment or, in the alternative, provisional relief pending the conclusion of the action. However, the defendant misreads Morganthau v Citisource, Inc., supra, to the extent that she claims that the County has the initial burden of proving entitlement to the continued retention of seized vehicles.
Morganthau concerns a grant of pendente lite relief to the government (the "claiming authority" under Article 13-A) in a case where the property was not yet in its possession, and thus required it to obtain an order of seizure or a preliminary injunction to insure that a forfeiture judgment would not be rendered ineffective. This was the purpose of CPLR 1312; it is a tool given to the claiming authority by the Legislature. See, Morganthau v Citisource, Inc., supra, at 220. The Court of Appeals did not indicate, either expressly or by implication, that if the claiming authority already had lawfully seized the property under a statute (as the County has done here) it also had to make a preliminary showing to a court that it was entitled to keep the property, even if the owner of the property took no court action after the seizure.
To be sure, if a property owner s challenge is made — which might be a motion to dismiss, or one for return of the vehicle pending trial based on some factual issue that might compromise the County s case — the government cannot simply stand on the initial basis for the seizure. It would then be put to the test, and would have to cross move for summary judgment, or, in the alterative, for preliminary relief under the appropriate sections of the CPLR, and make the well-established showings required thereunder. See, e.g., W.T. Grant Co. v Srogi, 52 NY2d 496. In this way, the owner can take action against an arbitrary retention of the property.
Absent that initial court challenge by the property owner, however, this Court holds that no court permission is required for the County to retain the defendant s vehicle pending trial after it has commenced a forfeiture action. DeBellis v Property Clerk of City of New York, supra. Such a requirement would unnecessarily burden the claiming authority in cases where the defendant had no intention of challenging the forfeiture action, or has no colorable defense thereto. This Court recognizes that no appellate court has addressed the foregoing as it concerns this forfeiture statute, which is silent on the issue of provisional relief, and it invites the defendant to appeal for a determination that would be binding on the trial courts.
Search and Seizure
The defendant next argues that she is entitled to a search and seizure hearing under both [*4]the United States and New York State Constitutions, contending that her arrest was without probable cause. She also claims such a Fourth Amendment violation regarding continuing retention of her vehicle. Neither is meritorious. As is noted above, defendant pled guilty to a reduced charge of driving while impaired by the consumption of alcohol. She thereby waived any argument based on lack of probable cause to arrest. See, e.g., People v Bratcher, 282 AD2d 835; People v Huff, 257 AD2d 678. Probable cause is thus established for purposes of the related civil forfeiture action. Kramer v Griffin, supra.
Speedy Trial /Laches
The defendant s next two issues relate to the speed (or alleged lack thereof) with which the present forfeiture action has moved. Forfeiture proceedings raise constitutional speedy trial concerns, imposing on the government the burden to provide a hearing to the party whose property has been seized "at a meaningful time" through the filing of a civil forfeiture proceeding. United States v Eight Thousand Eight Hundred and Fifty Dollars, 461 U.S. 555, 562, quoting Fuentes v Shevin, 407 U.S. 67. What constitutes a reasonable time to do so is determined by the length and reason for the delay, the defendant s assertion of her right, and any prejudice to the defendant caused by such delay. United States v Eight Thousand Eight Hundred and Fifty Dollars, supra.
Here, the action was begun under four months from the seizure, as required by the statute (Nass Co. Admin Code, § 8-7.0(g) 5) and within a week of defendant s guilty plea. The Court does not find this period to be unreasonable on its face; more important, as the period is set forth in the statute it is presumptively constitutional. People v Tichenor, 89 NY2d 769. The defendant does not challenge this provision of the statute as being unconstitutional. Therefore, no hearing is necessary on this basis.
The Court would also add that although defendant s counsel states that his client "repeatedly requested that [the automobile] be returned" this is claimed in the context of the years that have passed in toto, not the period between seizure and the commencement of the present action. Brunetti Aff., para 20. There is therefore no evidence that she ever timely asserted her right to a hearing after the seizure but before forfeiture proceedings were begun. Once the action was commenced, the defendant had resort to the Civil Practice Law and Rules, but as indicated above she did not answer until March of 2001, after having been served on November 15, 1999. There is no indication that any motion to dismiss was made beforehand to test the validity of the County s action. Indeed, even here she has made her arguments in response to the County s motion for summary judgment, not her own.
Finally, the defendant s attempt to impose the speedy trial periods found in New York s Criminal Procedure Law on the present civil action is without merit. The time periods concerning commencement and prosecution of this civil action are found in the Code and in the Civil Practice Law and Rules, not the Criminal Procedure Law.
The foregoing also disposes of the defendant s laches argument. The Court agrees that forfeiture actions are equitable in nature (Hynes v Iadarola, 221 AD2d 131), and laches can be raised. However, defendant herself contributed to the delay in resolving the case, as indicated [*5]above. Her argument that the seizure changed her financial position to her detriment is disingenuous, at best. There is no seizure that does not adversely affect the financial position of the owner, which may include, as is alleged here, the diminished value of the property. The question is whether the government s delay in providing a forum for the defendant to protect her property rights was unreasonably long, and that inquiry has been resolved against her. Moreover, the diminished value of this particular property could form the basis for a damages claim if the defendant prevails and the automobile is returned. If the County prevails, the reduced value harms it, not the defendant.
Forfeiture as an Excessive Fine
The next argument made by the defendant is that the forfeiture of her vehicle would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Her attorney claims that her car is worth in excess of $12,000. Based on this figure she claims that taking her car would be constitutionally offensive, because this is a far greater penalty than what her maximum penalty could have been for the underlying offense.
As with the claim that she was not intoxicated at the time of her arrest, her attorney s statement regarding the value of the car is without value, as she has not submitted an affidavit or other proof. However, it is undisputed that the automobile at issue is a 1993 Toyota Celica, which was seized without have been involved in an accident. Clearly, it has a value far in excess of the $300 fine that was imposed by the criminal court. Accordingly, the Court will address the issue.
The Eighth Amendment to the United States Constitution, and the parallel section of the New York State Constitution, article I, § 5, provide that "excessive fines" shall not be imposed by the government. The Eighth Amendment has been found to apply to civil forfeiture where the statute under which such an action is brought is, at least in part, punitive. Austin v United States, 509 US 602. In view of the media attention given to the tragedies caused by driving under the influence of alcohol or drugs, and government s very public attempt to discourage it, there can be no question that seizure and forfeiture of vehicles under Code section 8-7.0(g)3 is designed, at least in part, to exact a price for the behavior, and, perhaps more importantly, to deter the act itself. This indicates a punitive purpose, and subjects such seizure and forfeiture to an Excessive Fines Clause review. Id., at 610.
The Austin Court did not set forth standards for such a review, leaving that to the lower courts. Id., at 622-623. Subsequent to and in accord with its decision, such standards were developed. One court that did so was the Second Circuit Court of Appeals. See, United States v Milbrand, 58 F3d 841. The tests it articulated were adopted by the Appellate Division, Third Department in Matter of Attorney-General of State of N.Y. v One Green 1993 Four Door Chrysler, 217 AD2d 342. As the neither the New York State Court of Appeals nor the Appellate Division, Second Department has spoken directly to the issue, this Court is bound to follow the Third Department under the principle of stare decisis. Mountain View Coach Lines v Storms, 102 AD2d 663.

"The factors to be considered... include (1) the harshness of the forfeiture (e.g. the nature and value of the property and the effect of forfeiture on innocent third parties) in [*6]comparison to (a) the gravity of the offense, and (b) the sentence that could be imposed on the perpetrator of such an offense; (2) the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous., and (c) temporally or spatially extensive; and (3) the role and culpability of the owner of the property."
Matter of Attorney-General, supra, at 346, quoting United States v Milbrand, supra, at 847-848.
The second and third inquiries require no significant discussion, as the very nature of the offense to which the defendant pled guilty, and the defendant s undisputed ownership of the vehicle, resolves them. Without the car there would have been no offense, and the decision to drive after drinking can be nothing but deliberate. For how long or for what distance the defendant traveled before being stopped and arrested - the "extensiveness" portion of the second question - cannot be answered on this record, but would be of limited importance in any event. The legal and practical implications of driving while impaired are present the moment the impaired defendant pulled away from the curb.
More difficult to answer is the question of whether the forfeiture at issue here is overly harsh. Loss of an automobile is, to be sure, an unhappy occurrence, especially for the owner who lives on Long Island; public transportation is not omnipresent, as it is in a metropolis such as New York City. Further, and as noted above, the Court takes notice of the fact that a 1993 Toyota Celica is worth far more than the $300 that was imposed as a fine by the criminal court. Indeed, the maximum fine that could have been imposed on this defendant for driving while impaired was $500. Veh & Traf Law §1193(1) (a)
The foregoing is not without weight. However, the defendant has provided no affidavit. There is thus no statement regarding the impact the loss of the car has had on her, much less on an innocent third party; there is nothing in the record to indicate that the car is absolutely essential to her or to anyone else.
Further, the Court cannot consider the monetary value of the car, and evaluate that figure in light of the possible punishment, separate and apart from the other factors discussed above. On its face, loss of an automobile worth $12,000 where the fine was only $300 certainly appears inequitable. But that would mean that if the car were worth, for example, $50,000 it would be much more inequitable; if it were worth only $1000, much less so. Such a narrow analysis is not required under the law cited above.
Indeed, examining the value of the car in a vacuum would work inequities on defendants as a whole. The $50,000 car would be returned more readily than the $1000 car, as it is fifty times as valuable; yet if the former were seized from a millionaire, forfeiture would almost certainly work less of a hardship than the seizure of the $1,000 car taken from a person whose financial position precluded its replacement. It therefore is apparent that without examining the value of the vehicle in the context of the other factors presented by the individual case, the law would not treat all defendants alike. All factors must be weighed.
The other U.S. Supreme Court case upon which the defendant relies, United States v Balakalian, 524 U.S. 321, and its more simple "grossly disproportional to the gravity of the offense" test is inapposite. That case involved fines imposed in criminal cases where the property sought to be forfeited was not, the object of a civil forfeiture action, which was the case in Austin and in the instant matter. The Court itself made the distinction:
[*7]
Instrumentalities historically have been treated as a form of "guilty property" that can be forfeited in civil in rem proceedings. In this case, however, the Government has sought to punish respondent by proceeding against him criminally, in personam, rather than proceeding in rem against the currency. It is therefore irrelevant whether respondent s currency is an instrumentality; the forfeiture is punitive, and the test for the excessiveness of a punitive forfeiture involves solely a proportionality determination.
United States v Balakalian, supra, at 333-334.[FN3]
In sum, the defendant has not been able to show that issues of fact exist as to whether the forfeiture of her vehicle constitutes an excessive fine under either the United States or New York State Constitutions.
Equal Protection
For her next claim, the defendant argues that the action being maintained by the County violates the Fourteenth Amendment of the United States Constitution and Article I, section 11 of the New York State Constitution in that denies her equal protection of the law. This claim is supported by her attorney s statement, made on his own knowledge. He states that for purposes of the civil forfeiture action, persons who initially are charged with the lesser offense of driving while impaired (based on the result of a chemical test) do not face the loss of their vehicles, as the County does not pursue forfeiture actions against them. However, he points out that the County will pursue a person who is initially "over-charged" with the more serious driving while intoxicated, even if such person is later
convicted of the very same driving while impaired. In the case at bar the defendant refused to submit to a chemical test, but, according to counsel, was not advised that as a result of her failure she would be charged with driving while intoxicated and that her car would be seized.
Even viewing counsel s affirmation in the light most favorable to the defendant (see, e.g., Menzel v Plotnick, 202 AD2d 558), the Court finds that she has not presented a sufficient basis for a hearing on whether this policy by the County violates the Equal Protection Clause based on the County s alleged selective enforcement of the Code. To make out a claim of selective enforcement of a statute, the party allegedly victimized must show that the law was not applied to others similarly situated, and that this selective application was deliberately based on an impermissible standard, such as race, religion or some other arbitrary classification. Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693. Both elements of this test must be demonstrated, prima facie, before an evidentiary hearing is warranted. People v Patino, 259 [*8]AD2d 503.
In this case, the County did not treat this defendant s case differently from others where the arrest had been for driving while intoxicated. Even if the Court were adopt the category urged by defendant for basis of comparison — i.e., the group of drivers convicted of driving while impaired— and conclude that the law was not applied to her in the same way it was to others similarly situated, she has failed to provide proof of the other element, disparate treatment based on an impermissible standard. The decision to pursue civilly only those arrested for the more serious offense of driving while intoxicated cannot be said to be arbitrary and without a rational basis, and there is no proof that defendant was deliberately "over charged" with this offense so that her car would be subject to forfeiture. The Court also notes that it is unaware of any authority that imposes a duty on the arresting officer to inform a defendant that failure to voluntarily take a breath test ultimately would lead to the loss of her car in a civil action. Accordingly, the equal protection claim cannot serve as a basis for denying summary judgment.
Double Jeopardy
The contention defendant next advances is not supported by any argument or authority; she simply states that because the County s civil case is dependent on the outcome of the criminal case, her right to be free of Double Jeopardy has been violated. Civil forfeiture cases do not implicate this constitutional protection provided they are not so harsh and extreme as to constitute criminal sanctions. People v Vascruez, 89 NY2d 521, 530-533. As indicated in the analysis of the defendant s Excessive Fines Clause argument, that is not the case here.
Applicability of the Statute
Finally, the defendant urges that a trial should be held to determine whether the offense for which she was convicted is within the purview of the statute. This contention is without merit. The statute permits a forfeiture action based on a plea to a "petty offense"; a plea to driving while ability impaired by alcohol is defined as a traffic infraction (Veh & Traf Law §§ 1193.1(a); 155), and a traffic offense is a petty offense. CPL § 1.20(39). Therefore, there is no issue of fact as to whether the charge to which defendant pled guilty brings her case under the ambit of the statute.
As the defendant has failed to raise issues of fact sufficient to warrant a trial, the County s summary judgment motion is granted, and the affirmative request for relief by the defendant is denied.
Submit judgment on notice.
Decision Date: November 13, 2001

Footnotes
Footnote 1:Although the defendant has not served or filed a notice of cross-motion, rendering her request for the return of the car procedurally defective (Vanek v Mercy Hosp., 135 AD2d 707), the Court is able to search the record on the County s summary judgment motion and considers such request in that context. CPLR 3212.

Footnote 2:
For ease of discussion, the Court will use the term "owner" to denote any party with an interest in the property sufficient to ground a forfeiture action against such party.

Footnote 3:Although this action names defendant personally, its object clearly is the forfeiture of this automobile, and is in the nature of an in rem proceeding.