*316 OPINION OF THE COURT
Daniel Palmieri, J.
It is ordered that the motion by the defendants to dismiss in lieu of answer (sequence No. 1) is treated as one for summary judgment and is granted, and the complaint is dismissed. The cross motion by the plaintiff for summary judgment (sequence No. 2) is denied.
By prior order of the court dated June 19, 2006 these motions were adjourned to July 10, 2006 and converted to ones for summary judgment. All parties have chosen to rely on the papers initially submitted.
Under the Nassau County forfeiture statute (Nassau County Administrative Code § 8-7.0 [g], as amended by Local Law No. 5 [2004] of County of Nassau [Code]), the defendants in this action have made a prima facie showing that they are entitled to summary judgment dismissing the action, which seeks civil forfeiture of the automobile owned by defendant Alice E. Velasquez. Specifically, they have shown by way of documentary and affidavit proof that Alice is the owner, and, notwithstanding the arrest of defendant Yvette Velasquez, her daughter, for driving the subject vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2]) and Yvette’s later plea to driving while impaired (Vehicle and Traffic Law § 1192 [1]), that Alice had no reason to know that Yvette would drive the vehicle while under the influence of alcohol. Thus, while the predicate for the plaintiff County’s forfeiture action was established under the statute, the defendants have been able to demonstrate the existence of the so-called “innocent owner” defense (Nassau County Administrative Code § 8-7.0 [g] [4] [f]).
Despite this court’s invitation to the County to make an additional submission, none has been filed. In its initial submissions, its attorney claimed that Alice’s statement was insufficient, but the court disagrees. Accordingly, under the well-established standards for determination of summary judgment motions, the County has failed to demonstrate that an issue of fact exists with regard to the defense established by the movants (see, e.g., Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The court would add that this result seems consistent with both the language and the intent of the amended statute, which had resulted from the act of the Court of Appeals in striking down its predecessor (County of Nassau v Canavan, 1 NY3d 134 [2003]).
*317 The relevant Code provision reads as follows:
“It shall be an affirmative defense to an action brought pursuant to this paragraph that the owner of the vehicle other than the person arrested for violation of any provision of section eleven hundred ninety-two of the Vehicle and Traffic Law did not know, or had no reason to know, that there was a reasonable liklihood* that the vehicle would be used in violation of any such provision.” (Nassau County Administrative Code § 8-7.0 [g] [4] [f].)
In adding this and other provisions to the amended statute, the Nassau County Legislature had noted in its statement of legislative intent that “the Court indicated additional guidelines it would consider in determining future challenges to forfeiture laws . . . the Legislature does not concede or imply that the existing provisions are constitutionally infirm, but rather intends to address the Canavan ruling in order that the program may continue without further challenge” (Local Law No. 5, § 1). Accordingly, the statute should be interpreted in a manner consistent with this expressed legislative concern.
In that regard, the Court of Appeals had pointed out that the older version of the statute contained no limitation on the forfeiture liability of innocent owners, which it found to be unconstitutional. In so stating the Court cited with clear approval to CPLR 1311 (3) (b) (iv), a provision of the New York State felony forfeiture statute which provides that the government — not the party from whom the instrumentality of the crime is to be taken — bears the burden of proof on this issue (“if the action relates to an instrumentality of a crime . . . the burden shall be upon the claiming authority to prove by a preponderance of the evidence . . . that the non-criminal defendant . . . knew that the instrumentality was or would be used in the commission of a crime”) (see County of Nassau v Canavan, supra at 143). The Nassau County Code provision cited above reverses this burden of proof, making it the noncriminal defendant owner’s task to plead and prove that he or she was ignorant of the seized vehicle’s illegal use.
It thus appears to the undersigned that in view of the discussion in Canavan a constitutional argument could be advanced by an owner that the County should not be able to insist (as its attorney does here) that the owner must provide more initial proof than a simple statement that there was no reason for that *318 owner to believe that the vehicle would be used illegally. Rather, under the Court of Appeals analysis such a statement from the owner should be sufficient to shift the burden to the County to demonstrate that there was in fact a reason for the owner to have such a belief.
Relatedly, because the Nassau County Legislature stated that its intention was to comply with Canavan — if for no other reason but to avoid giving defendants any more legal ammunition that might result in another similar decision — such a legislative goal is met by interpreting section 8-7.0 (g) (4) (i) to require no more than the type of simple affidavit presented here. As indicated above, such an interpretation would certainly be more consistent with the Court of Appeals view than requiring a noncriminal defendant to meet some higher initial evidentiary threshold, as this might be deemed constitutionally offensive.
In view of the foregoing, the court declines to reach the defendants’ claim of hardship (see Nassau County Administrative Code § 8-7.0 [g] [4] [g]).

 So in original.