■ PROPERTY CLERK OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants, v MERV HARRIS et al., Respondents, and DELORES NEWTON HARRIS, Respondent. [825 NYS2d 442]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 2, 2005, which denied and dismissed the petition seeking to annul and vacate a determination of respondent New York City Office of Administrative Trials and Hearings (OATH) which, after a postseizure vehicle retention hearing, directed petitioners to release the subject vehicle to respondent Delores Newton Harris, unanimously reversed, on the law, without costs, the petition granted and the determination annulled and vacated.

When respondent Merv Harris was arrested on drug charges, the vehicle he was driving at the time was seized by petitioners (collectively, the City). Thereafter, in accordance with constitutional requirements (*see Krimstock v Kelly*, 306 F3d 40, 44 [2d Cir 2002], *cert denied* 539 US 969 [2003]; *County of Nassau v Canavan*, 1 NY3d 134, 144 [2003]), a postseizure vehicle retention hearing was held before an administrative law judge of respondent New York City Office of Administrative Trials and Hearings. At the hearing, it was established that the subject vehicle is jointly owned by Mr. Harris and his wife, respondent Delores Newton Harris.

In the determination rendered after the hearing, OATH found that the City had demonstrated (1) probable cause for Mr. Harris's arrest, (2) a likelihood that the City will ultimately be able to prove its entitlement to forfeiture of the vehicle on the ground that Mr. Harris had used it as an instrumentality of crime (*see* Administrative Code of City of NY § 14-140 [e] [1]), and (3) a need for the City to retain possession of the vehicle to ensure its availability to satisfy a judgment of forfeiture. In its decision, OATH recognized that proof of these elements by a preponderance of the evidence would suffice to entitle the City to prevail on the retention issue as against Mr. Harris (*see Krimstock*, 306 F3d at 67; *Canavan*, 1 NY3d at 144-145). Nonetheless, OATH directed the City to release the vehicle on the ground that the City had not established that it could defeat an "innocent owner" defense by Ms. Harris, the vehicle's co-owner. Stated otherwise, OATH found that the City had not shown that it would ultimately be able to prove that Ms. Harris was not a "lawful claimant" to the vehicle, within the meaning of the City's Administrative Code, by reason of having either used it herself in furtherance of crime or "permitted or suffered" another to do so (Administrative Code of City of NY § 14-140 [e] [1]; *see also Property Clerk, N.Y. City Police Dept. v Pagano*, 170 AD2d 30, 34-35 [1991] [in seeking forfeiture of property used as

an instrumentality of crime, the City has the burden of proving that the owner, if he or she did not actually use the property illegally, " 'permitted or suffered' the *illegal* use of the property"]).

In this CPLR article 78 proceeding, the City challenges OATH's determination that it failed to establish its entitlement to retain possession of the Harris vehicle during the pendency of proceedings to obtain a final judgment of forfeiture. Supreme Court denied and dismissed the City's petition, finding that OATH was correct in its view that, in a postseizure vehicle retention hearing, the City is required to establish a likelihood that it will ultimately defeat an "innocent owner" defense asserted by a co-owner. On the City's appeal, we reverse.

Where, as here, a vehicle is jointly owned by two individuals, one charged with using the vehicle in the commission of a crime and one "innocent" (i.e., not alleged to have "permitted or suffered" the illegal use of the vehicle), the innocent co-owner's interest in the vehicle clearly is not subject to forfeiture under section 14-140 (e) (1) of the City's Administrative Code. The innocence of one co-owner does not, however, change the fact that the interest of the co-owner charged with using the vehicle illegally is potentially subject to forfeiture. If the City, having made the requisite showing to establish its entitlement to retain the vehicle as against the charged co-owner, were nonetheless required to release the vehicle based on the innocence of the other co-owner, the City's ultimate right (after a final determination on the merits) to the interest of the charged owner would, as a practical matter, be destroyed. On the other hand, if the City is permitted to retain the vehicle while proceedings are pending, the innocent co-owner will not be at risk of losing his or her interest in the vehicle. This is because, as the City acknowledges, the innocent owner will receive a share of the proceeds of the forfeiture sale (less administrative expenses) corresponding to his or her proportionate interest in the vehicle (here, one half).

The foregoing leads us to conclude that the City, having made the requisite showing against Mr. Harris, is entitled to retain the vehicle during the pendency of forfeiture proceedings. Regardless of Ms. Harris's innocence (which the City does not question at this juncture), the City is entitled to the protection of its potential right to forfeiture of Mr. Harris's interest in the vehicle (*see Canavan*, 1 NY3d at 144 [recognizing the government's "interest in preventing the vehicle from being sold or destroyed before judgment is rendered in a future forfeiture proceeding"]). Granting the City such protection by allowing it

to retain the vehicle pendente lite does not jeopardize Ms. Harris's interest, for which she will receive monetary compensation in the event forfeiture ultimately occurs. While we recognize that the loss of use of the vehicle may be a hardship to Ms. Harris, the result reached by OATH and Supreme Court would have the effect of making it virtually impossible for the City to enforce its right to forfeiture of a wrongdoer's interest in a vehicle used as an instrumentality of crime but co-owned by a person unaware of such use. This would essentially rewrite the relevant legislative enactment (Administrative Code of City of NY § 14-140 [e] [1]) to preclude forfeiture under such circumstances. Since we see nothing in *Krimstock* or *Canavan* to compel this result, we decline to reach it, and instead adhere to the language of the Administrative Code. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.