OPINION OF THE COURT
Steven Hornstein, J.
On October 18, 2015, at approximately 1:18 a.m., Police Officer Patricia McVeigh responded to a radio run of an automobile accident at the corner of Lafayette Avenue and the Cross Bronx Expressway. Upon arriving at the scene, Officer McVeigh observed two vehicles: a 2013 Ford Fusion and a 2013 GMC Suburban. The Suburban was damaged on the rear passenger side. The Fusion had extensive front end damage on the driver’s side, damage to the rear passenger side and a cracked windshield. In addition, all of the Fusion’s airbags had deployed. Trapped inside the Fusion’s driver’s seat was the defendant. The officer noticed that the defendant’s eyes were bloodshot and watery and that her breath bore a moderate odor of alcohol. The defendant admitted that she had consumed one beer, she was placed under arrest and a breath test administered to her at 2:18 a.m. indicated a blood alcohol level of .06%. (See misdemeanor complaint, dated Oct. 18, 2015.)
Later that same day, the defendant was arraigned on a misdemeanor information charging her with two counts of driv *1092 ing while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3], [1]). Through a series of voice messages left for the assigned Assistant District Attorney between October 18, 2015 and November 4, 2015, through an email sent on November 18, 2015, and via a letter sent on November 18, 2015, the defendant sought a property release for the Ford Fusion seized the morning of her arrest. (See defendant’s affirmation in support ¶ 4.) The written request of November 18th provided, in pertinent part:
“Pursuant to the Third Amended Order & Judgment of Krimstock v Kelly . . . please provide . . . a written statement that retention as evidence of the vehicle seized ... is not necessary . . . this written statement must be provided no later than seven days after receipt of this request by your office . . .
“If the District Attorney makes such an application, please provide the court order granting or denying that application to counsel named below within ten days of receipt of this letter . . . .”
On November 23, 2015, the assigned Assistant District Attorney responded to the defendant’s request and wrote, in pertinent part:
“After careful consideration, the People have determined that the vehicle ... is needed as evidence for the prosecution of the above defendant for the charge of Vehicle and Traffic Law 1192.
“The People will not release this vehicle until the conclusion of the criminal case and any possible appeal, or until such time that the Bronx County District Attorney’s Office determines that the vehicle is no longer needed as evidence.”
By motion dated December 14, 2015, the defendant moved for an order directing the Bronx District Attorney’s Office to issue a written statement authorizing the release of the Fusion. (See defendant’s notice of motion.) In seeking the release, the defendant asserted that the District Attorney’s Office “cannot unilaterally decide to retain a vehicle as potential trial evidence once a demand for its release has been made.” Specifically, the defendant stated:
“This motion is authorized by the Order in Krimstock v Kelly, 464 F3d 246, 255 (2d Cir 2006), which binds the District Attorneys of New York City. In this case, the District Attorney has not followed the *1093 procedure created by the Krimstock Order in seeking to retain the vehicle as trial evidence—namely, by not moving for a retention order. Therefore, this Court should issue an order directing the District Attorney to provide a property release . . . .”
By response filed January 12, 2016, the District Attorney’s Office opposed the release and stated, in pertinent part:
“Defendant’s [sic] incorrectly asserts that the People are required to file for a Retention Order, and in doing so, conflates the meanings of arrest evidence and forfeiture. In the instant matter, defendant’s vehicle was vouched as arrest evidence and not forfeiture ... the process by which a defendant may challenge the release of arrest evidence differs significantly from property vouchered for forfeiture.” (See People’s response at 5.)
Contrary to the People’s contention, the vehicle was not invoiced as “arrest evidence.” Indeed, the invoice for the vehicle clearly provides that the vehicle was marked as “forfeiture evidence.” Moreover, the invoice provides that a claimant seeking the return of “arrest” or “forfeiture evidence” “should before making a demand, [obtain] either a District Attorney’s Release or a supervising District Attorney’s statement refusing to grant a release.”
Legal Analysis
“The City [of New York] has broad authority to retain property following seizure” (Property Clerk of Police Dept. of City of N.Y. v Harris, 9 NY3d 237, 244 [2007]) and the City is entitled to retain “[a]ll property . . . taken from the person or possession of a prisoner . . . suspected of having been used as a means of committing crime or employed in aid or furtherance of crime . . . taken by the police as evidence in a criminal investigation or proceeding” (Administrative Code of City of NY § 14-140 [b]). The City’s authority to retain seized property “applies to all levels of crime, not just felonies, and to all types of crime” (Krimstock v Kelly, 306 F3d 40, 44 [2d Cir 2002]). In New York City, where property is taken or obtained in connection with an arrest, the procedure for obtaining a district attorney’s release for that property is generally governed by Rules of City of New York (38 RCNY) § 12-36.[1]
The City’s authority to retain a seized automobile, however, is subject to additional due process safeguards. As Judge *1094 Sotomayor stated in Krimstock v Kelly (306 F3d 40, 68-69 [2d Cir 2002]): “[W]e order that claimants be given a prompt post-seizure retention hearing, with adequate notice, for motor vehicles seized as instrumentalities of crime pursuant to NYC Code § 14-140 (b).”
One year after Krimstock, in County of Nassau v Canavan (1 NY3d 134 [2003]), the New York Court of Appeals adopted the Krimstock holding and held that due process requires a prompt post-seizure hearing for vehicles seized under forfeiture programs. The Court, noting that an automobile was “an essential form of transportation and, in some cases, [was] critical to life necessities, [such as] earning a livelihood and obtaining an education” {id. at 142-143), recognized that the loss of one’s automobile implicated compelling privacy interests.
The initial Krimstock ruling was amended by the United States District Court for the Southern District of New York in a series of subsequent rulings. In the third amended order and judgment under Krimstock (Krimstock v Kelly, 2007 US Dist LEXIS 82612, *2 [SD NY, Oct. 1, 2007, 99 Civ 12041 (HB)]), the District Court stated:
“Following seizure of a vehicle, at the time of the driver’s arrest, as evidence of a crime or as the instrumentality of a crime, a claimant[2]. . . may contest such seizure at a hearing (i.e., the ‘Krimstock hearing’) to be held at defendant City of New York’s . . . Office of Administrative Trials and Hearings (‘OATH’) . . . Such ‘Krimstock hearing’ will provide the claimant with an opportunity to be heard . . . as to three issues: whether probable cause existed for the arrest of the vehicle operator; *1095 whether it is likely that the City [would] prevail in an action to forfeit the vehicle; and whether it [was] necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture.”
The District Court also imposed, in explicit detail, procedures to be followed by the police, claimants and the District Attorney’s Office upon the seizure of a motor vehicle as evidence of a crime or as the instrumentality of a crime. The police, among other things, are required to provide the driver of the seized vehicle with a copy of a vehicle invoice; a notice of the right to contest the seizure at a hearing; and a form to request such hearing. (Id. at *3-5.)
Where a vehicle is seized as evidence of a crime or as the instrumentality of a crime, a qualified claimant “may make a demand for a written statement from the prosecutor that retention of the vehicle as evidence is not necessary.” (Id. at *8.) The demand may be made by either “a request for a hearing as provided in the Krimstock Order, or by a written demand for a release made directly to the office of the District Attorney prosecuting the criminal case.” (Id.)
The District Attorney’s Office must respond, in writing, and within seven days of the release demand, that “retention of the vehicle is not necessary for the criminal case” or that the District Attorney’s Office “seeks to retain the vehicle as evidence for the criminal case . . . .” (Id. at *8-9.) A District Attorney’s Office seeking retention of a demanded vehicle must also, within the seven-day period, seek “an application for a retention order” “before a judge with jurisdiction over the criminal case.” (Id. at 9.) Upon receipt of the retention application:
“The judge before whom the application is made may issue the retention order if the affirmation, citing facts particular to the individual case[s], makes a sufficient showing that: 1) specific facts about the condition of the vehicle at the time of seizure may be relevant in the criminal case; and 2) there are no reasonable means other than impoundment such as photographing or testing, to preserve the evidentiary value of the vehicle for presentation to the trier of fact. If the judge ruling on the motion finds that photographing, testing, or other means are sufficient to preserve the evidence, the judge may order the vehicle to be retained for a *1096 period of time sufficient to allow law enforcement to complete such photographing, testing, or other means.” (Id. at *9-10.)
On November 18, 2015, in accordance with the requirements of Krimstock, the defendant served a written demand for a vehicular release upon the District Attorney’s Office prosecuting the criminal case. Within seven days of that demand, by letter dated November 23, 2015, the District Attorney’s Office responded, in writing, that the vehicle was needed as evidence and that a release would not be issued until “the conclusion of the criminal case and any possible appeal, or until such time that the Bronx County District Attorney’s Office determine [d] that the vehicle [was] no longer needed as evidence.” (See People’s demand response, dated Nov. 23, 2015.) The prosecution did not, however, within the prescribed seven-day period, seek a retention order from the court as required under Krimstock. Accordingly, the People are ordered to issue a property release to the defendant for the seized vehicle within 10 days of the date of this order. The District Attorney may, however, photograph and/or conduct non-destructive forensic testing on the vehicle until such time as it is released.

. 38 RCNY 12-36 (a) provides, in pertinent part:
*1094 “If a timely demand is made for the return of the property before the forfeiture proceeding is instituted, such proceeding shall be brought no later than (i) in the case of arrest evidence, 25 days after the claimant provides the property clerk with a district attorney’s release, and (ii) in all other cases, as a district attorney’s release is not required, within 25 days [of the] demand.” (38 RCNY 12-36 [a].)
“If [the forfeiture] proceeding is not commenced within this time period, the property clerk shall give written notice to the claimant. . . that the property will be returned forthwith to that person.” (Id.) “Notice of commencement of a forfeiture proceeding . . . shall include a statement of the grounds upon which the property clerk seeks to justify the continued retention of the property.” (38 RCNY 12-36 [b].)

2. A claimant “may be either the person from whom the vehicle was seized, if that person was then in lawful possession of the vehicle, or the owner if different from such person.” (Id. at *7-8.)