■ In the Matter of SYLVESTER GRIFFITH, Petitioner, v ANGELO J. APONTE, as Commissioner of the Department of Consumer Affairs, Respondent.—In this CPLR article 78 proceeding transferred to this court by the order of Supreme Court, New York County (Harold Tompkins, J.), entered June 14, 1985, the petition is granted to the extent that the determination of respondent Commissioner of the Department of Consumer Affairs, dated March 5, 1985, which found petitioner, a licensed process server, guilty of 23 charges of misconduct, imposed a fine of $350 for each violation (or a total fine of $8,050), and revoked petitioner's process server license, is annulled, on the law, only to the extent of annulling the penalty and remanding the matter to respondent for imposition of a lesser penalty and, otherwise, confirmed, without costs.

Petitioner Griffith is a 55-year-old native of the West Indies who was self-employed as a licensed process server for three separate agencies of the City of New York. After respondent ordered revocation of his process server's license, he obtained employment in a menial position earning $200 per week. He has no savings or other sources of income. At the hearing conducted by respondent on January 31, 1985, ample evidence was adduced to sustain petitioner's guilt with respect to all 23 charges. The charges against petitioner fall generally into two classes. Charges one through six inclusive may be characterized as shortcomings in compliance with the record-keeping regulations promulgated by respondent Commissioner. These included proof that petitioner's records failed to identify the plaintiff whose process was served, the nature of the papers served, the court in which the action was commenced, and a proper description of the door to which process was affixed, and that petitioner failed to keep the records in a chronological order in one bound paginated volume and make corrections by drawing a single straight line through an inaccurate entry so that it would remain legible. The remaining 17 charges (with potentially far more serious implications) are all log book entries which contain demonstrably false notations of the time process was served, service at the time stated con-

flicting with another service either at the same, or at a time so close to the first that effectuation of service was geographically impossible.

Petitioner admitted the substance of the first six charges. As to the balance, their gravity is considerably diluted by the circumstance that although default judgments were obtained in 9 of the 17 instances where a palpably incorrect time entry was made, respondent made no showing whatsoever that actual service had not been effected. In fact, the evidence was to the contrary. True, there were nine default judgments involved in the 17 charges. But in three of the nine, defaults were entered by reason of the debtor's breach of a settlement stipulation, thus conclusively indicating an appearance. In the other six default judgments, there were affidavits by counsel for plaintiff pursuant to CPLR 308 (5) to which no response was made. In the eight remaining cases there was an appearance by defendant. Clearly, then, respondent failed to demonstrate that petitioner was guilty of a single instance of "sewer service", a finding which might have justified the severe penalty imposed *(but cf. Matter of Dolinsky [Department of Consumer Affairs]*, NYLJ, Aug. 1, 1985, p 4, col 3).

In view of the foregoing, we find that the severe economic sanction imposed (amounting to approximately half of petitioner's annual income as a process server) coupled with revocation of his license is " ' "shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233), and therefore unlawful.

Accordingly, we remand the matter to respondent with directions to reconsider the penalty to be imposed not to exceed a one-year suspension of license and imposition of a $500 fine. Concur—Sandler, J. P., Ross, Asch, Ellerin and Wallach, JJ.