■ In the Matter of CHARLES MITCHELL, Respondent, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Appellant.— Judgment of the Supreme Court, New York County (Michael Dontzin, J.), entered September 30, 1988, which granted a petition brought pursuant to CPLR article 78 to annul respondent's determination revoking petitioner's license to operate a sidewalk newsstand, denying his renewal application for said license and padlocking his newsstand, unanimously reversed, on the law, and the petition dismissed, without costs.

Based upon our assessment of the record before us, we are unable to conclude that the penalty imposed upon petitioner is so disproportionate to the offenses which he was found to have committed as to be shocking to our sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 232).

Respondent imposed administrative sanctions upon peti-

tioner for violations found to exist during inspections conducted on December 3, 1985 and October 22, 1986. By administrative determinations dated February 11, 1986 and April 15, 1987, respectively, petitioner was found to have sold merchandise from an area outside the newsstand (Regulations of New York City Department of Consumer Affairs [Relating to Operation of Newsstands] § 7) and to have occupied an area greater than 72 square feet (Administrative Code of City of New York § 20-231 [e], formerly § B32-61.0 [e]). While petitioner now raises questions concerning the propriety of notices mailed to him in regard to the hearings resulting in the imposition of fines, he neither appealed those determinations (Regulations of New York City Department of Consumer Affairs [Relating to Administrative Hearings] § 3.9) nor moved to vacate them (§ 3.11 [c]), but, by his own admission, paid the fines. Thus, these administrative decisions are final and are not before us on this appeal.

As a result of an inspection conducted on October 26, 1987, petitioner was again charged with selling merchandise from an area external or adjacent to the newsstand and with occupying an area greater than 72 square feet. Petitioner appeared at a hearing conducted on November 5, 1987 by his employee, Mahmoud Rkein. Respondent thereafter issued a determination dated March 11, 1988 sustaining the charges, fining petitioner $900 and revoking his license by way of a notice dated March 14, 1988. Petitioner likewise took no action to vacate or appeal this decision.

Subsequent to the revocation of his license, petitioner's newsstand was twice inspected and found to be in continued operation, as a result of which respondent issued citations for engaging in unlicensed activity. On the first occasion, petitioner entered into a settlement agreement providing for the payment of a $600 fine and immediate cessation of the unlicensed activity. The second violation resulted in the sealing of the newsstand pursuant to Administrative Code of the City of New York § 20-105 (Padlock Law). Petitioner thereupon instituted the within article 78 proceeding by way of an order to show cause dated July 11, 1988.

We note that, because petitioner failed to pursue available administrative remedies, judicial review would normally be unavailable for failure to exhaust those remedies (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). However, it appears that, within the 30-day period in which to take an administrative appeal (Regulations Relating to Administrative Hearings § 3.9), petitioner attempted to reinstate his license

by paying his outstanding fine and submitting a new application in reliance on written information supplied to him by respondent. When his application was denied, petitioner's attorney belatedly attempted to persuade respondent to entertain an appeal of its March 11, 1988 order revoking petitioner's license, which respondent declined to do. Under the circumstances, we view petitioner's efforts as a good-faith attempt to pursue his administrative remedies which was rendered futile by the agency's misinformation and recalcitrance. Thus, it constitutes an exception to the doctrine of administrative finality *(Watergate II Apts. v Buffalo Sewer Auth., supra,* at 57; *Simcuski v Saeli,* 44 NY2d 442, 449; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509).

Upon consideration of the merits, however, we do not view the penalty imposed by respondent as excessive. It is well settled that, upon review, "a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" *(Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508, 520). Having failed to dissuade petitioner from committing the same infractions by levying fines on two prior occasions, respondent's decision to revoke his license cannot be said to be an abuse of discretion. We note further that, in retrospect, petitioner's continued operation of his newsstand following revocation of his license hardly demonstrates respect for agency regulations. Thus, petitioner's reliance on *Matter of Shore Haven Lounge v New York State Liq. Auth.* (37 NY2d 187) is misplaced. Finally, while enforcement of respondent's Regulations Relating to Operation of Newsstands § 7, prohibiting the sale of merchandise from an area outside the newsstand, was temporarily enjoined subsequent to respondent's determination herein, that regulation was not invalidated and, in any event, respondent's action cannot be said to be an unreasonable or arbitrary response to petitioner's repeated violation of regulations governing the area occupied by his newsstand. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.