■ In the Matter of STREET VENDOR PROJECT et al., Appellants, v CITY OF NEW YORK et al., Respondents. [841 NYS2d 79]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered January 11, 2006, which, denied, in part,

the CPLR article 78 petition challenging the multiple offense schedule adopted by respondent Environmental Control Board (ECB) on April 21, 2005, unanimously affirmed, without costs.

The substantial evidence test of CPLR 7803 (4) does not apply to the review of the administrative determinations here at issue, since those determinations did not result from trial-type hearings and were not quasi-judicial in nature (*see e.g. New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203 n 2 [1994]). The increased fines challenged by petitioners are not arbitrary and capricious; they had a "foundation in fact" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]) in the comments from the Department of Consumer Affairs, the Health Department, a business improvement district, and a SoHo resident.

If a street vendor is fined, the vendor is free to argue in a future proceeding that the fine is so disproportionate that it is an abuse of discretion pursuant to CPLR 7803 (3) (*see Matter of Griffith v Aponte*, 123 AD2d 260 [1986], *appeal dismissed* 70 NY2d 641 [1987]). Whether the imposition of a particular fine—which under the fine schedule can range from $50 to $1,000—constitutes an abuse of discretion is a sui generis inquiry turning on myriad factors, including the seriousness of the violation, the amount of the fine, recidivism, if any, by the vendor and the economic circumstances of the vendor (*see Matter of Mitchell v New York City Dept. of Consumer Affairs*, 160 AD2d 487 [1990]; *Griffith, supra*).

Both the Eighth Amendment of the United States Constitution and article I, § 5 of the New York Constitution provide that excessive fines shall not be imposed. The test is whether the fine "is grossly disproportional to the gravity of a defendant's offense" (*United States v Bajakajian*, 524 US 321, 334 [1998]; *see also County of Nassau v Canavan*, 1 NY3d 134, 140 [2003]). In determining gross disproportionality, courts consider a multitude of factors, many of which concern the particular circumstances of the wrongdoer (*see Canavan*, 1 NY3d at 140). The present record does not permit such consideration. However, individual street vendors are free to raise such a challenge in future lawsuits where the facts of each case can be developed.

It is undisputed that the statement of basis and purpose published with ECB's final rule on June 20, 2005 was defective. Petitioners' argument that respondents could not cure this defect by republishing the rule with a proper statement of basis and purpose is unavailing. They do not claim that they would

have submitted different or additional evidence if the statement of basis and purpose that ECB published in January 2006 had been published in October 2004 or March 2005. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ. [*See* 10 Misc 3d 978.]