■ CHRISTINE MALAFI, Respondent, v A 1967 CHEVROLET, VIN No. 135177G120642, ZACHARY G. MOISAN, Appellant. [883 NYS2d 84]—

In a civil forfeiture action pursuant to Suffolk County Code article 270, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Pitts, J.), dated June 30, 2008, as granted the plaintiff's cross motion for summary judgment and directed the forfeiture of the subject vehicle.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's cross motion for summary judgment on her forfeiture complaint and rejected the contention of Zachary G. Moisan that the forfeiture constituted an unconstitutionally excessive fine. The plaintiff demonstrated her prima facie entitlement to summary judgment by establishing that Moisan engaged in gravely serious and highly dangerous conduct by operating the subject vehicle at night in a residential area while his blood alcohol level was .19%, and that his vehicle left the roadway, traveled through residential front yards, and struck a tree, with the vehicle sustaining severe damage. Moisan subsequently pleaded guilty to driving while intoxicated, his third conviction for that offense. Furthermore, while Moisan submitted an appraisal as to the value of his car, that appraisal was not based on the appraiser's firsthand knowledge, nor did it take into account the extensive damage the vehicle sustained as a result of the accident. Finally, Moisan's vague assertions that he was of modest financial means and would be inconvenienced by the forfeiture of the vehicle were not supported by any specific evidence or documentation. Moisan's submissions were insufficient to raise a triable issue of fact in opposition to the plaintiff's showing. Accordingly, after weighing all of the relevant factors in evaluating whether the forfeiture was grossly disproportional to the offense (see United States v Bajakajian, 524 US 321, 334 [1998]; County of Nassau v Canavan, 1 NY3d 134, 140 [2003]; Matter of Street Vendor Project v City of New York, 43 AD3d 345, 346 [2007]), the Supreme Court properly determined that the forfeiture did not constitute an unconstitutionally excessive fine in contravention of the Eighth Amendment of the United States Constitution and article I, § 5 of the New York State Constitution (see County of Nassau v Canavan, 1 NY3d 134, 140 [2003]; Property Clerk of N.Y. City Police Dept. v Ber, 49 AD3d 430 [2008]). Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.