Property Clerk, N.Y. City Police Dept. v Nurse (2020 NY Slip Op 03866)





Property Clerk, N.Y. City Police Dept. v Nurse


2020 NY Slip Op 03866


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11798 450320/18

[*1] Property Clerk, New York City Police Department, Plaintiff-Appellant,
v
Anthony Nurse, Defendant-Respondent.


Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for appellant.



Order, Supreme Court, New York County (Martin Shulman, J.), entered July 13, 2018, which denied plaintiff's motion for summary judgment on his civil forfeiture action and sua sponte dismissed the complaint, unanimously modified, on the law, to vacate the dismissal, and otherwise affirmed, without costs, and the matter is remanded for further proceedings in accordance herewith.
Defendant was arrested and his vehicle impounded following a traffic stop in which an unlicensed firearm was found beneath the driver's seat of the vehicle. Defendant subsequently pleaded guilty to criminal possession of a firearm, and was sentenced to five years of probation. Some time before this civil forfeiture action was commenced, defendant challenged NYPD's continued possession of his vehicle, and NYPD brought an administrative proceeding, pursuant to Krimstock v Kelly (306 F3d 40 [2d Cir 2002], cert denied 539 US 969 [2003]), to determine whether it had the right to retain defendant's vehicle pending the outcome of the anticipated civil forfeiture action. The hearing resulted in a finding that NYPD had established probable cause for the arrest and a likelihood that it would prevail in a civil forfeiture action, but had not established that continued impoundment was necessary to address a heightened public safety risk.
Contrary to the motion court's ruling, the determination made at the Krimstock hearing that the defendant's retention of his vehicle pending determination of a forfeiture action does not pose a heightened risk to public safety does not preclude this action (see generally Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). The issue in this action is whether the vehicle is actually subject to forfeiture under Administrative Code § 14-140, i.e., whether defendant used it as a means of committing the crime of criminal possession of a firearm (Matter of Property Clerk of N.Y. City Police Dept. v Ferris, 77 NY2d 428, 430-431 [1991]). Accordingly, the action should not have been dismissed. However, we affirm the denial of plaintiff's motion for summary judgment.
Plaintiff established by a preponderance of the evidence that defendant, the registered and titled owner of the vehicle, who pleaded guilty to criminal possession of a firearm, used the vehicle as a means of committing the crime of criminal possession of a firearm (see Ferris, 77 NY2d at 430; Property Clerk, N.Y. City Police Dept. v Miranda, 2010 NY Slip Op 32496[U], *4-5 [Sup Ct, NY County 2010]; Property Clerk, N.Y. City Police Dept. v Bongiovanni, 2013 NY Slip Op 30219[U], *5-6 [Sup Ct, NY County 2013]).
In opposition, defendant, acting pro se, submitted an affidavit and supporting evidence in support of his argument that forfeiture of the vehicle, which he needed for getting to work with his tools and picking up his children from school, would impose an excessive and tremendous hardship on him and his family, particularly given that this is his sole criminal offense, and in light of other mitigating facts. This evidence is sufficient to raise an issue of fact as to whether, under all the factual circumstances, civil forfeiture of the vehicle would be grossly disproportionate to the offense and therefore a constitutionally impermissible excessive fine (see County of Nassau v Canavan, 1 NY3d 134, 140 [2003]; Malafi v A 1967 Chevrolet, Vin No. [*2]135177G120642, Zachary G. Moisan, 63 AD3d 1112 [2d Dept 2009]; see Timbs v Indiana, __US__, 139 S Ct 682 [2019]). Accordingly, the matter is remanded to Supreme Court for a hearing to determine whether forfeiture would be grossly disproportionate to defendant's offense, "consider[ing] such factors as the seriousness of the offense, the severity of the harm caused and of the potential harm had the defendant not been caught, the relative value of the forfeited property and the
maximum punishment to which defendant could have been subject for the crimes charged, and the economic circumstances of the defendant" (Canavan, 1 NY3d at 140).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK