Matter of 670 Riv. Realty Corp. v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 05742)

Matter of 670 Riv. Realty Corp. v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 05742

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Index No. 151041/24|Appeal No. 4971|Case No. 2024-05438|

[*1]In the Matter of 670 River Realty Corp. et al., Petitioners,
v
New York State Division of Housing and Community Renewal, Respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park (Richard T. Walsh of counsel), for petitioners.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Anita Shia of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about August 1, 2024, which denied the petition to annul the December 5, 2023 determination of respondent agency (DHCR), which, after a hearing, found that petitioners violated an order of the rent administrator, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review pursuant to CPLR 7804(g), and, upon such review, the determination confirmed, without costs.
Because the petition raised an issue of substantial evidence, we treat it as though it had been properly transferred to this Court in accordance with CPLR 7804(g) and dispose of all the issues (see Matter of Bonifacio v Sewell, 227 AD3d 584, 584 [1st Dept 2024], lv denied 42 NY3d 909 [2024]; Matter of 16 Cypress Ave Realty LLC v New York City Loft Bd., 215 AD3d 418, 419 [1st Dept 2023], lv denied 43 NY3d 902 [2025]).
DHCR found 16 instances in which petitioners violated a rent overcharge order of the Rent Administrator. Each finding is supported by substantial evidence in the record (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]) and by applicable law (see Administrative Code of City of NY § 26-516[c][1], [b]; Rent Stabilization Code [9 NYCRR] § 2526.2[c][1], [b]).
First, the rent overcharge order clearly directed petitioners to file amended rent registrations for the years 2016 to 2018 within 60 days thereof, utilizing the legal regulated rent (LRR) set by the Rent Administrator, and to file subsequent registrations based upon such LRR. However, it is undisputed that petitioners did not file any amendments and continued using the invalidated LRR in the registrations covering 2019 to 2023.
There is also evidence in the record to support the finding that petitioners failed to roll back and recompute the rent based on the appropriate LRR, as directed by the Rent Administrator in the rent overcharge order. The amounts billed in five rent invoices match the amounts stated in petitioners' incorrect registrations for 2019 and 2022, as well as the amounts stated in their own rent ledger. The amount proposed in a renewal lease form, dated November 30, 2020, for a lease term to commence March 1, 2021, also matches the incorrect rent registrations for 2020 to 2022. Further, the amounts that petitioners sought to recover when they served a 14-day rent demand notice and filed a subsequent nonpayment proceeding match the amounts stated in the 2020 and 2021 registrations.
The complaining tenant's nonappearance at the hearing does not render the invoices and lease renewal, or the tenant's affirmations, inadmissible hearsay (see 9 NYCRR 2051.3[d][2][i]). Instead, "[h]earsay evidence can be the basis of an administrative determination and, if sufficiently probative, it alone may constitute substantial evidence" (Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434, 435 [1st Dept 2020] [internal quotation marks omitted]). Nor do petitioners demonstrate that the invoices were fraudulent, as their argument essentially challenges the tenant's credibility. DHCR found the tenant's statements credible, and that determination is entitled to deference (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Further, petitioners did not submit any evidence to show that the invoices were not authentic, despite having had the opportunity to do so (see 9 NYCRR 2051.3[d][2][i]).
Petitioners' contention that the tenant sought to frustrate their ability to comply with the rent reduction order by not allowing them access to make repairs in the apartment is unpreserved and, in any event, not based on any evidence in the administrative record (see Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal, 231 AD3d 440, 442 [1st Dept 2024] [internal quotation marks omitted] ["This Court has 'no discretionary authority' to reach[] an unpreserved issue in the interest of justice' in an article 78 proceeding challenging an administrative determination"]; Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000] [internal quotation marks omitted]). In any event, the tenant's behavior is irrelevant to whether petitioners violated the rent reduction order by seeking to collect rent in excess of the LRR.
Contrary to petitioners' contention, the management company and individually named agent were appropriately held liable. "Under 9 NYCRR 2520.6(i), an agent is included in the definition of an owner" (Alekna v 207-217 W. 110 Portfolio Owner LLC, 241 AD3d 414, 417 [1st Dept 2025]).
DHCR did not exceed its jurisdiction by imposing civil penalties for each violation of the RA's order, totaling $ 36,000 (CPLR 7803[2]; see Matter of Koch v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 84 NY2d 882, 884 [1994]). The Rent Stabilization Law and Rent Stabilization Code each allow "a civil penalty at minimum in the amount of one thousand but not to exceed two thousand dollars for the first such offense" (Administrative Code of City of NY § 26-516[c][1]; Rent Stabilization Code § 2526.2[c][1]). Additionally, DHCR is authorized to impose up to a $250 fine for each violation if the DHCR finds that an owner "knowingly violated any provision of the [Rent Stabilization Law] or [Rent Stabilization Code]" (Rent Stabilization Code § 2526.2[b]; see also Administrative Code § 26-516[b]). We also do not find the penalties for each violation excessive under the circumstances (see CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of Street Vendor Project v City of New York, 43 AD3d 345, 346 [1st Dept 2007], appeal dismissed 9 NY3d 1001 [2007], lv denied 10 NY3d 709 [2008]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025