*711
 
 LaROSE, Judge.
 

 David Gee, the Hillsborough County Sheriff, appeals the trial court’s order granting final summary judgment in favor of Kale Gainous, dismissing a forfeiture action and directing that a 2006 Chrysler automobile be returned to Mr. Gainous. We have jurisdiction,
 
 see
 
 Fla. R.App. P. 9.030(b)(1)(A), and reverse.
 

 The forfeiture proceeding stems from Mr. Gainous’s 2007 arrest and subsequent conviction for driving under the influence (DUI) and failure to submit to a DUI test. Mr. Gainous had two prior DUI convictions. His license was suspended and he previously refused to submit to a DUI test. Thus, his 2007 DUI was a third-degree felony and the failure to submit to a DUI test was a first-degree misdemeanor.
 
 See
 
 §§ 316.193(2)(b)(l), 316.1932, 316.1939(1), Fla. Stat. (2006).
 

 Pursuant to the Florida Contraband Forfeiture Act (the Act), the Sheriff seized Mr. Gainous’s automobile. After an adversarial preliminary hearing, the trial court found probable cause that the automobile was used in violation of the Act.
 
 See
 
 §§ 932.701-.707 and § 322.34(9), Fla. Stat. (2006). The latter statute provides that:
 

 A motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture under ss. 932.701-932.707 and is subject to liens for recovering, towing, or storing vehicles under s. 713.78 if, at the time of the offense, the person’s driver’s license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.
 

 § 322.34(9)(a).
 

 Mr. Gainous moved for summary judgment. He argued that the forfeiture of his automobile violated the Excessive Fines Clause of the Eighth Amendment.
 
 [1]
 
 The Sheriff opposed the motion. The trial court valued the automobile at approximately $17,000. It then held that the forfeiture violated the Excessive Fines Clause and granted a summary judgment to Mr. Gainous.
 

 The trial court reasoned that, even if forfeiture served a primarily remedial function, it was being used here to exact a punishment. The trial court then noted that the actual sentence imposed on Mr. Gainous included a $1000 fine.
 
 See
 
 § 775.083(l)(c), Fla. Stat. (2006). The trial court calculated that the forfeiture “would equate to an additional fine that is more than seventeen (17) times the fine that was actually imposed and more than three (3) times the fine of what could have statutorily been imposed for a third-degree felony.”
 

 We review the trial court’s summary judgment de novo.
 
 See United States v. Bajakajian,
 
 524 U.S. 321, 336, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). “The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.”
 
 Id.
 
 at 334, 118 S.Ct. 2028 (citing
 
 Austin v. United States,
 
 509 U.S. 602, 622-23, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)). Sanctions such as
 
 *712
 
 forfeitures of vehicles used in crimes that cannot be characterized as serving solely a remedial purpose but that also punish are subject to the limitations of the Excessive Fines Clause.
 
 Austin,
 
 509 U.S. at 621-22, 113 S.Ct. 2801. A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of a defendant’s offense.
 
 Bajakajian,
 
 524 U.S. at 324, 118 S.Ct. 2028.
 

 In
 
 Bajakajian,
 
 the defendant failed to report the transport of currency out of the country; he forfeited almost $350,000.
 
 Id.
 
 at 337, 118 S.Ct. 2028. The Court explained that it was legal to transport the cash out of the United States, so long as the transport was reported. Notably, the forfeited money was not connected with money laundering, tax evasion, or drug trafficking.
 
 Id.
 
 at 338, 118 S.Ct. 2028. The Court held that the forfeiture was grossly disproportionate to the gravity of the offense.
 
 Id: at
 
 338-40, 118 S.Ct. 2028.
 

 We must agree with the trial court that the forfeiture here constituted a punishment and, thus, was subject to a proportionality analysis.
 
 See Busbee v. State Div. of Ret.,
 
 685 So.2d 914, 917-18 (Fla. 1st DCA 1996) (explaining that Excessive Fines provisions are only implicated if the “fine” is a “punishment”) (citing
 
 In re Forfeiture of 1990 Chevrolet Blazer,
 
 684 So.2d 197 (Fla. 2d DCA 1996) (explaining that the purpose of the proportionality test is to determine if forfeiture is excessive in relation to the crime for which the owner is being punished; applying Excessive Fines Clause to forfeiture under the Florida Contraband Forfeiture Act)).
 
 Ba-jakajian
 
 identifies the factors to measure proportionality: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature or sentencing commission; and (3) the harm caused by the defendant. 524 U.S. at 337-40,118 S.Ct. 2028.
 

 Applying these factors, we conclude that the forfeiture of Mr. Gainous’s automobile was not grossly disproportionate to his repeated DUI and related offenses. Mr. Gainous fell into the class of persons at whom the statute was directed. Comparing the gravity of Mr. Gainous’s offenses with the amount of the forfeiture does not demonstrate gross disproportion-ality. Although the amount is almost three times the maximum fíne allowed for a third DUI ($5000), Mr. Gainous also committed the first-degree misdemeanour of failure to submit to testing, which carried a fine of up to $1000.
 
 See
 
 § 775.083(l)(c) and (d). Moreover, Mr. Gainous’s offense of driving with a suspended or revoked license can be punished by a fine of up to $500.
 
 See
 
 § 322.34(2)(a), Fla. Stat. (2006); § 775.083(l)(e). And, we cannot ignore the public safety concerns posed by Mr. Gainous’s offenses; he had committed three DUIs in four years.
 

 In
 
 People v. One 2000 GMC VIN SGNFK16T2YG169852,
 
 357 Ill.App.3d 873, 293 Ill.Dec. 854, 829 N.E.2d 437 (2005), the court explained that Illinois’ forfeiture statute provided for seizure and forfeiture where the owner’s driving privileges had previously been suspended after an arrest for DUI and refusal to submit to testing, facts similar to those before us. The court considered the offense with reference to the objective of keeping alcohol-impaired drivers off the road.
 
 Id.
 
 441. Weighing the gravity of the offense to the $28,000 vehicle forfeiture, the Illinois court saw no violation of the Excessive Fines Clause.
 
 Id.
 
 at 442-43.
 

 We also find support in
 
 Lukkason v.1993 Chevrolet Extended Cab Pickup,
 
 590 N.W.2d 803 (Minn.Ct.App.1999). There, forfeiture of the driver’s $11,500 truck did not violate the Excessive Fines Clause in light of the serious risks associated with
 
 *713
 
 multiple DUI related occurrences, where the maximum fine was $3000.
 
 Id.
 
 at 808-09.
 

 We also note that the imposition of double, treble, or quadruple damages to deter and punish historically have been upheld, although there is no bright-line ratio.
 
 See generally State Farm Mut. Auto. Ins. Co. v. Campbell,
 
 538 U.S. 408, 424-26, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (explaining that courts, in context of punitive damages, must ensure that the measure of punishment is both reasonable and proportionate based upon the facts and circumstances of the case);
 
 Dep’t of Envtl. Prot. v. Zabielinski,
 
 785 So.2d 517 (Fla. 3d DCA 2000) (holding that forfeiture of $60,000 vessel for using a false name and address on certificate of title of vessel constituted an excessive fine under the Eighth Amendment where circumstances showed that the third-degree felony, though a serious crime, was not as grave as other offenses and the $60,000 amount was more than eleven times the amount of the $5000 fine that could have been imposed).
 

 We reverse the final summary judgment entered in favor of Mr. Gainous and remand for further proceedings.
 

 CASANUEVA and SILBERMAN, JJ., concur.
 

 [1]
 

 . "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” Amend. VIII, U.S. Const. The Florida Constitution also bans excessive fines. Art. I, § 17, Fla. Const. The parties agree that the Eighth Amendment guides our analysis. The Fourteenth Amendment to the U.S. Constitution extends the Eighth Amendment to the States.
 
 See Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,
 
 532 U.S. 424, 433-34, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001) (citing
 
 Furman v. Georgia,
 
 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)).