Nos. 2--08--1024, 2--08--1025, 2--08--1027 cons.

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE<br>OF ILLINOIS, | ) | Appeal from the Circuit Court<br>of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08--MR--250 |
| | ) | |
| 1998 FORD EXPLORER, | ) | |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Michael J. Colwell, |
| (Salvador Gutierrez, Claimant-Appellant). | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE<br>OF ILLINOIS, | ) | Appeal from the Circuit Court<br>of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08--MR--283 |
| | ) | |
| 1996 MERCEDES BENZ E320, | ) | |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Michael J. Colwell, |
| (John Pittman, Claimant-Appellant). | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE<br>OF ILLINOIS, | ) | Appeal from the Circuit Court<br>of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08--MR--345 |
| | ) | |

Nos. 2--08--1024, 2--08--1025, 2--08--1027 cons.

| 1994 JEEP GRAND CHEROKEE, | ) | |
| --- | --- | --- |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Michael J. Colwell, |
| (Jeffrey J. Peterson, Claimant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

The issue in these consolidated appeals is whether the property-forfeiture provisions of the Criminal Code of 1961 (Code) (720 ILCS 5/36--1 et seq. (West 2008)) are unconstitutional because they do not include a provision for a prompt "probable cause" hearing. In each case, the trial court rejected the claimant's constitutional argument and ordered his vehicle forfeited. We find no constitutional infirmity in the statute as applied to these claimants and, therefore, affirm.

In No. 2--08--1024, Montgomery police officers seized Salvador Gutierrez's 1998 Ford Explorer. On April 3, 2008, the Kane County State's Attorney filed a complaint for forfeiture, alleging that Gutierrez had driven the vehicle while his license was revoked for driving under the influence of alcohol. A notice was sent to Gutierrez advising him to appear in court on May 5, 2008. He did not do so, but on July 9, 2008, moved to vacate any defaults. On October 6, 2008, Gutierrez moved to dismiss the forfeiture proceeding on constitutional grounds. The trial court denied the motion to dismiss and, after a hearing, ordered the vehicle forfeited.

In No. 2--08--1025, North Aurora police officers seized John Pittman's 1996 Mercedes Benz E320. On April 15, 2008, the Kane County State's Attorney filed a complaint for forfeiture, alleging that a co-owner of the vehicle, Jason Youngman, had driven the vehicle while his license was suspended. Pittman timely answered and, on July 10, 2008, moved to dismiss the forfeiture proceeding on constitutional grounds. The trial court denied the motion to dismiss and, after a hearing, ordered the vehicle forfeited.

Nos. 2--08--1024, 2--08--1025, 2--08--1027 cons.

In No. 2--08--1027, North Aurora police officers seized Jeffrey J. Peterson's 1994 Jeep Grand Cherokee. On May 12, 2008, the Kane County State's Attorney filed a complaint for forfeiture, alleging that Peterson had driven the vehicle while his driver's license was suspended. Peterson moved to dismiss the forfeiture complaint on constitutional grounds. The trial court denied the motion to dismiss and, following a hearing, ordered the vehicle forfeited.

All three claimants timely appealed. On our own motion, we consolidated the cases for purposes of decision only.

The claimants contend that the Code's forfeiture provisions violate their right to due process because they do not provide for a prompt postseizure hearing. The claimants contend that they were deprived of their property for an unreasonable time without a meaningful opportunity to be heard.

Statutes carry a presumption of constitutionality, and the party challenging a statute has the burden to overcome that presumption. Village of Lake Villa v. Stokovich, 211 Ill. 2d 106, 122 (2004). The constitutionality of a statute is a question of law that we review de novo. Stokovich, 211 Ill. 2d at 121-22.

Initially, citing Stokovich, the State appears to question the claimants' standing to raise a constitutional challenge to the forfeiture statute. The claimants respond in their reply brief that they have alleged that they were deprived of their vehicles for an unreasonable time without a hearing. This alleges a sufficient "distinct and palpable injury" (Stokovich, 211 Ill. 2d at 119) to confer standing. We interpret the State's argument on this point, not so much as challenging the claimants' ability to raise this issue in the trial court, as pointing out that the claimants' appellate arguments appear to invoke the rights of hypothetical third parties. We agree with the State that this is improper, but we nevertheless may consider the arguments to the extent they apply to the claimants.

Nos. 2--08--1024, 2--08--1025, 2--08--1027 cons.

Where government action threatens to deprive an individual of property, the due process clause of the federal constitution (U.S. Const., amend. V) requires that the government provide the individual with notice and an opportunity to be heard " 'at a meaningful time and in a meaningful manner.' " Fuentes v. Shevin, 407 U.S. 67, 80, 32 L. Ed. 2d 556, 570, 92 S. Ct. 1983, 1994 (1972), quoting Armstrong v. Manzo, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66, 85 S. Ct. 1187, 1191 (1965). Whether a given procedure comports with due process turns on the consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such an interest through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews v. Eldridge, 424 U.S. 319, 334-35, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976). Although due process generally requires a predeprivation hearing (Mathews, 424 U.S. at 333, 47 L. Ed. 2d at 32, 96 S. Ct. at 902), the government may seize property subject to forfeiture without a preseizure hearing. United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 562 n.12, 76 L. Ed. 2d 143, 150-51 n.12, 103 S. Ct. 2005, 2011 n.12 (1983) (hereinafter $8,850).

The claimants here implicitly acknowledge that no preseizure hearing was required. They contend, however, that consideration of the Mathews factors leads to the conclusion that some type of postseizure hearing should be required to determine whether there is probable cause for the forfeiture. Largely conflating the first and second factors, the claimants contend that in our modern, mobile society, the loss of one's automobile is indeed a severe deprivation and that the additional burden on the government of conducting a preliminary probable-cause hearing would be relatively slight. The claimants claim that the statute must provide for a probable-cause hearing that must be

-4-

held sooner than the hearings on the merits in these cases were held. However, the claimants appear to smudge the concepts of unconstitutionality "on its face" and unconstitutionality "as applied."

We note initially that the claimants rely heavily on Smith v. City of Chicago, 524 F.3d 834 (7th Cir. 2008), in which the Seventh Circuit held that Illinois's Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 et seq. (West 2004)) was unconstitutional for failing to provide for such a hearing. However, the Supreme Court vacated the Seventh Circuit opinion, finding that the case was moot. Alvarez v. Smith, ___ U.S. ___, ___, 175 L. Ed. 2d 447, 450, 130 S. Ct. 576, 578 (2009). Thus, the Seventh Circuit opinion has no precedential value (Central Pines Land Co. v. United States, 274 F.3d 881, 894 n.57 (5th Cir. 2001)), although it might still be persuasive authority (DHX, Inc. v. Allianz AGF MAT, Ltd., 425 F.3d 1169, 1176 (9th Cir. 2005) (Beezer, J., concurring)).

In any event, as we explain below, we find that the proceedings here comported with due process, so that no additional procedures were required. In $8,850, the Supreme Court, after noting that a preseizure hearing was not required, applied the four-part test from Barker v. Wingo, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), to decide whether a delay in a forfeiture proceeding violates due process. $8,850, 461 U.S. at 564, 76 L. Ed. 2d at 152, 103 S. Ct. at 2012. Under Barker, a speedy-trial case, a court must weigh four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. $8,850, 461 U.S. at 564, 76 L. Ed. 2d at 152, 103 S. Ct. at 2012. Applying those factors to the case before it, the Court concluded that a delay of 18 months was reasonable and, accordingly, did not violate due process. $8,850, 461 U.S. at 569-70, 76 L. Ed. 2d at 155, 103 S. Ct. at 2015.

In United States v. Von Neumann, 474 U.S. 242, 88 L. Ed. 2d 587, 106 S. Ct. 610 (1986), the claimant filed a petition to remit a forfeiture. See 19 U.S.C. §§1602 through 1604 (2000). The issue before the Court was whether the government's 36-day delay in responding to the remission

petition deprived the claimant of due process. The Court held that the existence of a remission procedure was constitutionally irrelevant (Von Neumann, 474 U.S. at 249-50, 88 L. Ed. 2d at 595, 106 S. Ct. at 615) and reiterated that a forfeiture proceeding that meets the Barker test satisfies due process (Von Neumann, 474 U.S. at 251, 88 L. Ed. 2d at 596, 106 S. Ct. at 615).

The claimants here make no attempt to apply the Barker factors to their cases. Other than conclusory statements, they do not argue that the delays involved were unreasonably long or were not for legitimate purposes. We note that in the three cases we consider here, the intervals from the date of seizure until the orders of forfeiture were 211 days, 186 days, and 168 days. The longest delay was in the case of Gutierrez, and we note, as the State argues, that the additional delay should be attributed to him. He missed the initial court date on May 5, 2008. He moved to vacate the default on July 9, 2008, and did not move to dismiss the proceedings until October 6, 2008. The court, after denying the motion, entered its final order of forfeiture just six days later.

The Illinois speedy-trial statute, which, although not precisely the same, is intended to effectuate the federal constitutional right to a speedy trial, provides that a defendant not in custody be brought to trial within 160 days. 725 ILCS 5/103--5(b) (West 2008). When delays attributable to the defense are included, pretrial delays frequently stretch well beyond the 160-day limit. We note that the proceedings here lasted only slightly longer than 160 days. The claimants do not contend that, excluding delays attributable to them, the proceedings would not have been concluded within the time frame contemplated by the speedy-trial statute.

Moreover, the claimants have not alleged any prejudice resulting from the delays. Of course, they allege that they were deprived of their vehicles during that period, but the Supreme Court has held that a forfeiture proceeding satisfying the Barker test satisfies any due process right with respect to the vehicle itself. Von Neumann, 474 U.S. at 251, 88 L. Ed. 2d at 596, 106 S. Ct. at 615. In other

words, arguing that they were deprived of their vehicles merely begs the Barker question. Something more than what has been pleaded is required to demonstrate prejudice.

The claimants do not contend that they were hindered in preparing their cases on the merits by the length of the delays. Thus, the claimants have not shown that the forfeiture proceedings took so long that the alleged violation of their due process rights prejudiced them.

We close with some observations about Smith. First, we are not as confident as the Smith panel that there are "significant reasons to doubt" whether Supreme Court precedent such as Von Neumann is controlling. Smith, 524 F.3d at 836. Von Neumann quite clearly stated that a forfeiture proceeding meeting the Barker test comports with due process, and we find no reason to question that holding. Moreover, the Smith court's primary concern appeared to be the plight of a so-called "innocent owner," i.e., an owner whose vehicle is used for a criminal purpose without his or her knowledge or consent. Smith, 524 F.3d at 838 ("consider the owner of an automobile which is seized because the driver--not the owner--is the one accused"). Two of the claimants here, Gutierrez and Peterson, were driving the vehicles when they were involved in criminal activity. Indeed, the only reason the vehicles were seized was that Gutierrez and Peterson lacked valid driver's licenses. In such cases, where the owner is also the defendant in the underlying criminal case, there are legitimate reasons why the forfeiture case may need to await the outcome of the criminal trial. See $8,850, 461 U.S. at 567, 76 L. Ed. 2d at 154, 103 S. Ct. at 2013. Moreover, in most such cases, the defendant/claimant will already have had a probable-cause determination in connection with the criminal prosecution. See 725 ILCS 5/109--3.1(b) (West 2008) (every person in custody for commission of alleged felony shall have either preliminary hearing or indictment by grand jury). Even though Smith might have value as persuasive authority, we do not find it persuasive here.

The judgments of the circuit court of Kane County are affirmed.

Nos. 2--08--1024, 2--08--1025, 2--08--1027 cons.

Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.