First Division
June 14, 2010

No. 1-09-0444

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE | ) | Appeal from the |
| OF ILLINOIS, | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No.08 COFO 00312 |
| | ) | |
| | ) | |
| 1998 LEXUS GS 300, | ) | Honorable |
| VIN JT8D68S4W0028350, Defendant | ) | Mark J. Ballard |
| (Derrick B. Reese, Claimant-Appellant). | ) | Judge Presiding. |

JUSTICE HALL delivered the opinion of the court:

This is an appeal from a forfeiture order concerning an automobile.  On May 22, 2008, at about 3:10 p.m., claimant-appellant Derrick B. Reese was arrested for driving with a license that had been revoked because of a prior out-of-state driving under the influence of alcohol (DUI) conviction.  He was issued traffic citations for driving with a revoked license and for having tinted windows and a tinted rear license plate cover.

Claimant's vehicle, a 1998 Lexus GS 300, was seized and subsequently forfeited to the county following a civil in rem forfeiture proceeding under section 36-1 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/36-1 (West 2002)).  This appeal arises out of that proceeding.  For the reason that follow, we affirm.

Claimant's vehicle was seized pursuant to a forfeiture

No. 1-09-0444

provision contained in section 36-1 of the Criminal Code, which provides in relevant part:

"Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit  ***  an offense described in subsection (g) of Section 6-303 of the Illinois Vehicle Code[ ] may be seized and delivered forthwith to the sheriff of the county of seizure." 720 ILCS 5/36-1 (West 2002).

Subsection (g) of section 6-303 of the Illinois Vehicle Code (Vehicle Code) provides in relevant part:

"The motor vehicle used in violation of this Section is subject to seizure and forfeiture as provided in Section 36-1 and 36-2[1] of the Criminal Code of 1961 if the person's driving privilege was revoked or suspended as a result of a violation listed in paragraph (1) *** of subsection (c) of this Section." 625 ILCS 5/6-303(g) (West 2004).

Paragraph (1) of subsection (c) of section 6-303 of the Vehicle Code refers to section 11-501 of the Vehicle Code (625 ILCS 5/11-501 (West 2002)), which prohibits driving while under the influence of alcohol. 625 ILCS 5/6-303(c)(1) (West 2004).

---

[1] Section 36-2 of the Criminal Code authorizes the State's Attorney of the county in which the seizure occurred to file a complaint seeking forfeiture of the seized vehicle. 720 ILCS 5/36-2 (West 2002).

-2-

No. 1-09-0444

Claimant first contends on appeal that discretionary language and terms such as "subject to seizure and forfeiture" found in subsection (g) of section 6-303 of the Vehicle Code require trial courts to consider mitigating evidence prior to awarding forfeiture of a subject vehicle. Claimant maintains that the legislative intent behind the vehicle forfeiture statutes is aimed at drivers who fail to stop using alcohol or controlled drugs or drivers who fail to stop committing crimes while under the influence of these substances.

Claimant argues that the necessary nexus for a valid forfeiture is an alcohol- or drug-impaired driver, driving on a revoked license. In this regard, claimant contends that in awarding forfeiture of his vehicle, the trial court erroneously ignored mitigating evidence of his alcohol rehabilitation and evidence that he was not driving under the influence of alcohol when he was stopped and arrested. Claimant also contends the trial court failed to consider that he had completed the statutory requirements both in Illinois and Georgia to have his license reinstated. We must reject claimant's contentions.

First, as a factual matter, the record shows that the trial court considered mitigating factors and still concluded that forfeiture was warranted. Second, there is nothing in the statutes or case law which requires a trial court to consider mitigating evidence in determining the propriety of a vehicle forfeiture.

No. 1-09-0444

A forfeiture action is civil in nature and is an <u>in</u> <u>rem</u> proceeding against the item used in the commission of a crime. <u>People ex rel. Carey v. 1976 Chevrolet Van</u>, 72 Ill. App. 3d 758, 760, 391 N.E.2d 137 (1979); <u>People v. 1991 Chevrolet Camaro</u>, 251 Ill. App. 3d 382, 386, 620 N.E.2d 563 (1993). A trial court's findings in a forfeiture proceeding will not be disturbed on appeal unless they are against the manifest weight of the evidence. <u>People v. One 1999 Lexus</u>, 367 Ill. App. 3d 687, 689, 855 N.E.2d 194 (2006).

The legislative policy behind statutes allowing the forfeiture of vehicles is to repress certain types of crimes when such vehicles are used in their commission. <u>People v. 1995 Ford Van</u>, 348 Ill. App. 3d 303, 309, 809 N.E.2d 811 (2004); <u>1976 Chevrolet Van</u>, 72 Ill. App. 3d at 760. As an overview, we observe that our courts have determined that driving with a revoked license is treated by the legislature as one of the most serious driving offenses one can commit absent bodily injury when the underlying revocation stems from a DUI conviction. <u>Reynolds v. Edgar</u>, 188 Ill. App. 3d 71, 75, 544 N.E.2d 77 (1989).

Contrary to claimant's assertions, vehicle forfeiture statutes are not aimed at preventing individuals from drinking alcohol or using controlled substances, but rather are aimed specifically at keeping alcohol- or drug-impaired drivers off the roadways. See, <u>e.g.</u>, <u>People v. One 2000 GMC</u>, 357 Ill. App. 3d 873, 877-78, 829 N.E.2d 437 (2005) (explaining that the vehicle

-4-

No. 1-09-0444

forfeiture law " 'reflects the concern of the legislature over the threat to the public imposed by drivers impaired by alcohol or other drugs and serves to deter and remove problem drivers from the highways, thus making the highways safer' "), quoting People v. Bailey, 243 Ill. App. 3d 871, 873, 612 N.E.2d 960 (1993).

Our legislature has determined that one of the best ways to achieve the objective of keeping alcohol and drug impaired drivers off the roadways is to subject their vehicles to forfeiture if they are caught driving with a license that has been revoked or suspended because of a previous DUI conviction. See, e.g., One 2000 GMC, 357 Ill. App. 3d at 877-78 (" '[W]hen implemented pursuant to a carefully drafted statute, civil forfeiture of automobiles can be an extremely effective tool in the battle against drunk driving' "), quoting County of Nassau v. Canavan, 1 N.Y. 3d 134, 138, 802 N.E.2d 616, 620, 770 N.Y.S.2d 277, 281 (2003).

Based on the foregoing, we find that the trial court's ruling ordering the forfeiture of claimant's vehicle was not against the manifest weight of the evidence.

Claimant next contends that the forfeiture of his vehicle violated the excessive fines clause of the eighth amendment to the United States Constitution. The eighth amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

-5-

No. 1-09-0444

Const., amend. VIII.

A fine is considered excessive " ' if it is grossly disproportional to the gravity of a defendant's offense. ' " Express Valet, Inc. v. City of Chicago, 373 Ill. App. 3d 838, 856, 869 N.E.2d 964 (2007), quoting United States v. Bajakajian, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036, 141 L. Ed. 2d 314, 329 (1998). "Application of the constitutional standard for determining excessiveness to a given set of facts presents a question of law subject to de novo review." One 2000 GMC, 357 Ill. App. 3d at 875.

Our supreme court has adopted the following nonexhaustive list of three factors to be considered in assessing whether a forfeiture constitutes an excessive fine: (1) the inherent gravity of the offense compared to the harshness of the penalty; (2) whether the property was an integral part of the commission of the crime; and (3) whether the criminal activity involving the property was extensive in terms of time and/or spatial use. People ex rel. Waller v. 1989 Ford F350 Truck, 162 Ill. 2d 78, 90, 642 N.E.2d 460 (1994).

Applying these factors, we find that the forfeiture of claimant's vehicle was not grossly disproportionate to his offense of driving on a license that had been revoked as a result of a prior DUI conviction.

The first factor concerns the inherent gravity of the offense compared to the harshness of the penalty. In regard to

-6-

the inherent gravity of the offense, our courts have determined that when the underlying revocation of a license stems from a DUI conviction, as in this case, driving with the revoked license is then treated by the legislature as one of the most serious driving offenses one can commit absent bodily injury. Reynolds, 188 Ill. App. 3d at 75.

In evaluating the harshness of the penalty (forfeiture), courts agree that forfeiture of personal property is less harsh than forfeiture of real property. One 2000 GMC, 357 Ill. App. 3d at 876; People v. $5,970 United States Currency, 279 Ill. App. 3d 583, 592, 664 N.E.2d 1115 (1996). Moreover, in conducting this evaluation, it is appropriate to consider the forfeiture statutes' remedial goals of deterring drunk drivers and removing them from the roadways. One 2000 GMC, 357 Ill. App. 3d at 878.

The record indicates that claimant's vehicle was worth $9,000. In One 2000 GMC, the reviewing court determined that the forfeiture of a $28,000 vehicle was not grossly disproportionate to the claimant's offense of driving on a license that had been previously summarily suspended under the implied consent statute (625 ILCS 5/11-501.1 (West 2002)). One 2000 GMC, 357 Ill. App. 3d at 878.

In light of the inherent gravity of claimant's offense and the remedial purposes of the forfeiture statutes, and given the fact that the reviewing court in One 2000 GMC upheld a much greater forfeiture under similar circumstances, we find that the

No. 1-09-0444

forfeiture of claimant's vehicle was not grossly disproportionate to the gravity of the offense as to violate the excessive fines clause.

Claimant next raises for the first time in his reply brief the argument that the forfeiture provisions of the Criminal Code (720 ILCS 5/36-1 et seq. (West 2002)) are unconstitutional because they do not provide for a postseizure/preforfeiture probable cause hearing. This argument was not raised in claimant's initial brief and is therefore deemed waived under Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)).

Pursuant to Supreme Court Rule 341(h)(7), points not argued in an initial brief are waived and "shall not be raised in the reply brief, in oral argument, or on petition for rehearing." "The mere fact that attempted arguments raise constitutional questions does not prevent the otherwise proper application of the waiver rule." Ming Kow Hah v. Stackler, 66 Ill. App. 3d 947, 955, 383 N.E.2d 1264 (1978).

In any event, claimant's argument has recently been addressed and rejected in People v. 1998 Ford Explorer, Nos. 2-08-1024, 2-08-1025, 2-08-1027 (March 31, 2010), where the reviewing court cited to United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 562 n.12, 103 S. Ct. 2005, 2011 n.12, 76 L. Ed. 2d 143, 150 n.12 (1983), for the proposition that the government may seize property subject to forfeiture without a preseizure

-8-

No. 1-09-0444

hearing.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PATTI and LAMPKIN, JJ., concur.