No. 2-09-0275      Filed: 9-16-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 09--MR--10 |
| 1996 HONDA ACCORD, VIN 1HGCE6671TA029089, and THREE THOUSAND, SEVEN HUNDRED FORTY-NINE DOLLARS ($3,749.00) UNITED STATES CURRENCY, | ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable |
| (Ryan Foley and Gladys Foley, Claimants -Appellees). | ) ) | Joseph P. Condon, Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

The State filed a complaint for forfeiture of a 1996 Honda Accord and $3,749 in cash. Ryan Foley and Gladys Foley contested the forfeiture. Citing Smith v. City of Chicago, 524 F.3d 834 (7th Cir. 2008), the trial court held that the Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 et seq. (West 2008)) and the forfeiture provisions of the Cannabis Control Act (720 ILCS 550/12 (West 2008)) violate due process because they do not provide for a prompt probable cause hearing. Accordingly, the court dismissed the complaint. The State appeals, contending that Smith is

inconsistent with Supreme Court precedent and that, under that precedent, the proceedings below comported with due process. We vacate and remand.

The forfeiture complaint alleges that the McHenry County sheriff's police seized the vehicle and the cash on October 20, 2008. A grand jury later indicted Ryan Foley for violating the Cannabis Control Act (720 ILCS 550/1 et seq. (West 2008)). The State then filed its forfeiture complaint. Ryan Foley and Gladys Foley filed a claim of interest in the property.

At a hearing, the Foleys' counsel argued that Gladys Foley and Schults Auto Sales were the vehicle's registered owners and that Gladys Foley did not know that the vehicle was being used for illegal activity. The Foleys also argued that Smith mandated that the complaint be dismissed because no prompt probable cause hearing had been held. The trial court agreed and dismissed the complaint. The State timely appeals.

In dismissing the forfeiture complaint, the trial court relied on Smith. There, the Seventh Circuit held that Illinois's Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 et seq. (West 2004)) was unconstitutional for failing to provide for a prompt probable cause hearing. The State contends that Smith was inconsistent with controlling Supreme Court precedent and, further, that applying those precedents shows that the proceedings here were consistent with due process.

This court rejected Smith in People v. 1998 Ford Explorer, 399 Ill. App. 3d 99 (2010). We noted that Smith had been vacated by the United States Supreme Court. Alvarez v. Smith, ___ U.S. ___, ___, 175 L. Ed. 2d 447, 450, 130 S. Ct. 576, 578 (2009). We held that Supreme Court precedent provides that a forfeiture proceeding complying with constitutional speedy-trial guidelines satisfies due process. 1998 Ford Explorer, 399 Ill. App. 3d at 102-03, citing United States v. Von Neumann, 474 U.S. 242, 251, 88 L. Ed. 2d 587, 596, 106 S. Ct. 610, 615 (1986), citing Barker v.

Wingo, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); see also United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 562 n.12, 76 L. Ed. 2d 143, 150-51 n.12, 103 S. Ct. 2005, 2011 n.12 (1983).

In their brief, claimants[1] acknowledge that the Supreme Court vacated the Seventh Circuit opinion in Smith. They nevertheless argue that under the test formulated in Mathews v. Eldridge, 424 U.S. 319, 334-35, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976), to evaluate whether a proceeding complies with due process, the proceedings below took too long and thus violated due process.

We note that claimants' pleading is not in the record on appeal. Thus, it is not entirely clear what facts claimants alleged and on which the trial court relied in reaching its decision. While the appellant has the burden to present a sufficiently complete record on appeal and any doubts resulting from the incomplete record will be resolved against the appellant (Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984)), we do not apply the presumption here because the hearing transcript makes clear that the trial court dismissed the complaint in reliance on Smith. As Smith does not provide the proper test, we must vacate the dismissal order. We remand the cause for reconsideration of claimants' arguments in light of the correct standard. Claimants are not foreclosed from arguing that the length of the proceeding violated due process.

The judgment of the circuit court of McHenry County is vacated and the cause is remanded.

Vacated and remanded.

ZENOFF, P.J., and BURKE, J., concur.

---

[1]The caption of the appellees' brief lists Ryan Foley and Gladys Foley as claimants. The body of the brief, however, contends that only Gladys Foley is a registered owner of the vehicle.